NARON & MALONE *v.* J. C. GWIN et al.

1. JURY—ISSUE—RECORD—PRACTICE—CLERICAL ERROR.—A record, reciting in the usual form that "a jury was empaneled and sworn to try the issue joined," etc., when, in fact, there was no plea and no issue, is a clerical error, and no cause for a reversal of the judgment. Garrett v. Felt et al., 32 Miss. R., 137, and Hewett v. Cobb, 40 ib., 61, cited and adhered to.

2. PROCESS—SERVICE—RETURN.—If a sheriff merely endorses a writ : "executed by personal service," or "executed in person," and fails to set out his proceedings under the writ" as to the manner of his service, it will be error, according to numerous adjudications of this court, to regard such endorsement as a service of the writ, and render judgment by default. See Rankin v. Dulaney, *supra*, p. 197 ; Moore v. Coats, *supra*, p. 225.

Error to the circuit court of Oktibbeha county. FOOTE, J.

This was an action of *assumpsit* on a promissory note, brought by the defendants in error against the plaintiffs in error.

There was a summons to Oktibbeha for both the defendants and a duplicate summons to Chickasaw county for Malone. The return of the sheriff of Oktibbeha is "executed 14th day of April, 1861, in person as to Naron." The return of the sheriff of Chickasaw county is "executed 16th day of April, 1861, by personal service."

The record shows a jury verdict and judgment in favor of the plaintiffs below, as upon the issue joined; but there is in the record no issue joined either to the court or to the country.

The plaintiffs in error assigned the following errors:

1st. The process was not duly executed.

2d. There is no plea issued in the case, but a verdict as upon issue joined.

3d. There is no judgment by default, no plea, or issue, and a verdict of a jury as on issue joined.

*W. & J. R. Yerger and C. A. Sullivan,* for plaintiffs in error.

*Pate* for the defendant in error.

SIMRALL, J.:

This case is brought by writ of error from the circuit court of Oktibbeha county. The errors assigned are:

1st. That there is no plea or issue; nevertheless, there is the verdict of a jury as upon issue joined.

The decisions in this court have been conflicting on this point. In the cases of Wilkinson v. Patterson, 6 How., 193, and Harrison v. Agricultural Bank, 2 S. & M., 307, for a similar error, the judgments were reversed; but the appellate court rendered such judgments as the court below, on the state of the record, ought to have rendered. In the intermediate case of McAdams v. Massey, 1 S. & M., 660, the judgments were reversed and the cause remanded to the inferior court. In Garrett v. Felt & Reed, 32 Miss. Rep., 137, decided in 1856, the court conclude that it is a mere clerical error to certify that a jury was sworn to try the issue joined, when in fact there was no issue. At all events, the plaintiff in error was not prejudiced by submitting his case to a jury, and rendering judgment on the verdict, as that judgment would be the same in effect, as if rendered on *nil dicit,* for want of plea. Therefore, the judgment was affirmed. In the case of Hewett v. Cobb & Co., 40 Miss., 62, the practice established in the case of Garrett v. Felt & Reed, was

adhered to. To give uniformity and stability to the practice, we adhere to the rule adopted in the two latter cases; we do so the more readily, because the error (for error it is), does not operate injustice or harm to the plaintiff in error.

2d Error, insufficient service.

We regret that we are obliged to reverse this judgment, for the insufficient service of process. The sheriff fails to set out "his proceedings under the writ," as to the manner of service. It is his duty to report on the writ, what he has done. The court determines as to its sufficiency. "Executed by personal service," and "executed in person," according to repeated decisions, many of them reported, is not a good service, to support a judgment by default final.

Let the judgment be reversed and cause remanded.